1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>         vs.<br>ENRIQUE GONZALEZ-<br>HERNANDEZ,<br><br>                              Defendant. | CASE NO. 14CR609 WQH<br><br>ORDER |

HAYES, Judge:

The matter pending before the Court is the motion to dismiss the information due to an invalid deportation (ECF No. 21) filed by the Defendant Enrique Gonzalez-Hernandez.

### FACTUAL BACKGROUND[1]

On March 19, 2013, Defendant received a Notice to Appear charging that the Defendant was an alien, specifically a citizen of Mexico; that Defendant arrived in the United States at a place and date unknown not admitted or paroled after inspection by an Immigration Officer; and that Defendant was convicted on January 17, 1996 in the Superior Court at San Joaquin, California for the offense of 2nd degree burglary and sentenced to 25 years to life confinement.  (ECF No. 21-2 at 3).  The Notice to Appear charged that Defendant was subject to removal on the grounds that he was an alien present in the United States without being admitted or paroled, pursuant to Section

---

[1]There are no facts material to this motion which need to be resolved in an evidentiary hearing.

212(a)(6)(A)(i) of the Immigration and Nationality Act; and that he was an alien who has been convicted of a crime involving moral turpitude pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act. *Id.* at 4.

On April 2, 2013, Defendant appeared for an immigration hearing. At the hearing, Defendant confirmed that he had been convicted of burglary in 1996. The Immigration Judge entered an order of removal and Defendant was removed to Mexico on April 4, 2013.

On April 15, 2013, Defendant was arrested attempting to enter the United States at the San Ysidro Port of Entry pedestrian lanes by using the entry documents of another individual. Defendant was not admitted and arrested. Subsequently, Defendant entered a plea of guilty to illegal entry after deportation in violation of 8 U.S.C. § 1326. On August 30, 2013, Defendant received a sentence of time-served. On September 3, 2013, Defendant was interviewed by an immigration officer and refused to answer any questions. Defendant was ordered removed in an expedited removal proceeding under Section 235(b)(1)of the Immigration and Nationality Act. The Determination of Inadmissibility charged that

> You attempted to enter the United States at or near San Ysidro, CA on or about April 15, 2013. You presented a valid DSP-150 Border Crossing Card belonging to someone else as your entry document. You were sent to secondary for further inspection;

> While in secondary inspection, it was determined that the aforementioned document did not belong to you and that you had been ordered removed from the United States previously. You were then arrested and charged with attempted entry after removal.

> On or about August 30, 2013, you pled guilty before the United States District Court, Southern District of California, to the offense of Attempted Reentry of Removed Alien, in violation of title 8 USC 1326. You were sentenced to time served incarceration for this conviction;

> You are an immigrant not in possession of a valid entry document required by the Immigration and Nationality Act.

(ECF No. 21-2 at 17-18).

On February 11, 2014, Defendant was arrested by border patrol agents approximately one mile north of the United States/Mexico border.

On March 13, 2014, an Information was filed charging that the Defendant was

1   an alien, who previously had been excluded, deported and removed from the United

2   States, found in the United States in violation of 8 U.S.C. § 1326 (a) and (b).

3                       **CONTENTIONS OF THE PARTIES**

4           Defendant moves to dismiss the information on the grounds that his two prior

5   removals are not valid.  Defendant asserts that his April 2013 removal violated his due

6   process rights because the Immigration Judge failed to explain that he was eligible for

7   voluntary departure and never gave him an opportunity to apply for voluntary departure.

8   Defendant contends that it was plausible that the Immigration Judge would have granted

9   voluntary departure if the proper procedures had been observed.  Defendant assert that

10  the facts in this case are identical to the facts in *United States v. Melendez-Castro,* 671

11  F.3d 950 (9th Cir. 2011).  The Government makes no reference to the Defendant's

12  assertion that his April 2013 removal violated his due process rights because the

13  Immigration Judge failed to explain that he was eligible for voluntary departure and

14  never gave him an opportunity to apply for voluntary departure.[2]

15          Defendant contends that his second removal in September 2013 violated his due

16  process rights because the Department of Homeland Security was not legally authorized

17  to place him in expedited removal proceedings.  Defendant asserts that the expedited

18  removal statute applies exclusively to: 1) an "arriving alien"; or 2) an alien who has not

19  been admitted to the United States, who is found within 100 miles of the border, and

20  who cannot show that he or she was "physically present" in the United States for a

21  continuous period of 14 days immediately prior to removal.  Defendant asserts that he

22  was excluded from the class of aliens subject to expedited removal proceedings because

23  he had been incarcerated for approximately four months prior to his expedited removal

24  proceeding and was not an arriving alien, and he had plainly been continuously present

25  in the United States for over 14 days at the time of his expedited removal.

26          The Government asserts that the Defendant's September 2013 expedited removal

27

28          [2] This Court construes the Government's failure to respond as a withdrawal of its intention to
    use the April 2013 removal order as a predicate removal order in this prosecution under 8 U.S.C. §
    1326 and will not address the validity of this order.

is valid.  The Government contends that Defendant was arriving alien, a designation with no time limitation, subject to expedited removal.  The Government further asserts that Defendant was not "physically present" for more than 14 days because he was immediately placed in custody after his entry into the United States.    Finally, the Government asserts that it is not plausible that he would have received relief during his expedited removal and has suffered no prejudice.

## RULING OF THE COURT

A predicate removal order is a necessary element of a § 1326 prosecution.  Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2)  the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).   The entry of a removal order is fundamentally unfair for the purposes of  § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

8 U.S.C §1229a provides in part that removal hearings before an immigration judge "shall be the sole and exclusive procedure for determining whether an alien may be ... removed from the United States" unless another procedure is specifically authorized by law.   In *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1080 n.2 (9th Cir. 2011), the Court of Appeals explained: "Expedited removal proceedings provide a streamlined process by which U.S. officers can remove aliens who attempt to gain entry to the United States but are not admissible.  We refer to such aliens ... as 'non-admitted aliens.'" *See* 8 U.S.C. § 1225(b)(1)(A)(i) ("alien...who is arriving in the United States") and  8 C.F.R. §1.2 ("Arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry....").  "The expedited removal statute, § 1225(b), provides that when an alien seeks admission to the United States after arriving at a port of entry and does not have entry documents,

misrepresents the alien's identity or citizenship, or presents fraudulent identity or immigration documents, 'the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates an intention to apply for asylum ... or a fear of persecution.' § 1225(b)(1)(A)(i)." *Barajas-Alvarado*, 655 F.3d at 1081.

The record in this case conclusively shows that the Defendant was arrested at the San Ysidro Port of Entry on April 15, 2013 attempting to come into the United States by using the immigration document of another person.  Defendant was sent to secondary inspection, arrested, and charged with illegal entry after deportation.  On August 30, 2014, Defendant received a sentence of time-served and was immediately processed by immigration authorities through expedited removal proceedings.  At the time the expedited proceeding was initiated, Defendant remained a non-admitted alien who had attempted to enter the United States at the port of entry without his own entry document and presenting fraudulent immigration documents.  This Court concludes that Defendant remained subject to expedited removal proceedings under Section 1225(b)(1)(A)(i).  Defendant was interviewed by an immigration officer and did not indicate either an intention to apply for asylum or a fear of prosecution.  Section 1225(b)(1)(A)(i) provides that the "officer shall order the alien removed from the United States without further review or hearing...".  The intervening prosecution for illegal entry did not change Defendant's status as a non-admitted alien who arrived at the port of entry presenting fraudulent immigration documents.  The Court concludes that the September 2013 expedited removal is valid and can form the basis for a prosecution under 8 U.S.C. § 1326.  *See Barajas-Alvarado*, 655 F.3d at 1086-87 ("The sanctions imposed under §1326 apply to aliens who, among other things, have been denied admission, excluded, or otherwise 'departed the United States while an order of exclusion, deportation, or removal is outstanding,' § 1326(a)(1), and makes no exception for those arriving aliens who were denied admission or excluded and ordered removed via expedited proceedings.").

IT IS HEREBY ORDERED that the motion to dismiss the information due to an

1    invalid deportation (ECF No. 21) is denied.

2    DATED:  August 27, 2014

3                                                    *William Q. Hayes*
                                                    **WILLIAM Q. HAYES**
4                                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28